MICHAEL A. TORIGIAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Torigian v. Commissioner
Docket No. 18756-92
United States Tax Court
T.C. Memo 1995-154; 1995 Tax Ct. Memo LEXIS 148; 69 T.C.M. (CCH) 2339; April 6, 1995, Filed *148 Decision will be entered for respondent. Michael A. Torigian, pro se. For respondent: Brently W. Free. PARR
PARR
MEMORANDUM FINDINGS OF FACT AND OPINION PARR, Judge: Respondent determined deficiencies in and additions to petitioner's Federal income taxes as follows: Additions to Tax
Sec.
Sec. Sec.
Sec.
Sec. Sec.
Year
Defic
6651
6653
6653(a)
6653(a)
6653
6654 iency
(a)(1) (1)(A)
(1)(B)
(a)(2) 1984
$  3,589
$  468
$ 179
--
--
n1
--
1985
4,117
571
206
--
--
n1
$ 105
1986
3,522
442
--
$ 176
[1]
--
--
1987
13,205
2,027
--
660
[1]
--
378
1988
12,925
1,286
646
--
--
--
286
1989
11,879
1,077
--
--
--
--
234
The primary issue for decision is whether petitioner filed Federal income tax returns for the years in issue. We hold that he did not. The secondary issues for decision are: (1) Whether the statute of limitations bars respondent from assessing tax for the years 1984, 1985, 1986, and 1987. We hold that it does not. (2) Whether petitioner is liable for additions *149 to tax under section 6651 [1] for all of the years in issue, section 6653 for 1984, 1985, 1986, 1987, and 1988, and section 6654 for 1985, 1987, 1988, and 1989. We hold that he is liable for all such additions as reflected in the notices of deficiency. FINDINGS OF FACT At the time the petition herein was filed, petitioner resided in Texas. Petitioner is single and did not file tax returns for any of the years in issue. Petitioner has vocational involvement with computers. The following chart shows petitioner's filing history during the years in issue: Date IRS prepared
Petitioner filed Tax year
substitute return
extension request
Date extended to
Date
Amount Paid
filed
with request
1984
2/4/91
N/A   N/A  N/A
1985
2/4/91
N/A   N/A  N/A
1986
2/4/91
N/A   N/A  N/A
1987
2/4/91
4/18/88
$ 234.46
8/15/88
1988
2/4/91
4/15/89
302.00
8/15/89
1989
2/4/91
4/15/90
--  8/15/90
*150 Petitioner received income and had Federal withholding of the following amounts during the years in issue: Nonemployee Federal tax
Tax year
W-2 income
Interest
compensation
withheld 1984
$ 22,481
--
--
$ 1,718
1985
24,231
--
$ 420
1,833
1986
22,891
$ 7
--
--
1987
54,034
--
--
--
1988
57,686
--
--
--
1989
55,209
--
--
--
Respondent mailed a separate notice of deficiency to petitioner for each of the years in issue. Petitioner requested and we granted permission for the six notices of deficiency to be joined into one case. OPINION Filing Federal Tax Returns
Petitioner claims he filed tax returns for the years 1984, 1985, 1986, 1987, 1988, and 1989. Respondent determined that he did not file returns for any of the years in issue. The Commissioner is presumed to be correct, and the taxpayer bears the burden of proof. Rule 142(a). We are not required to accept a taxpayer's vague, evasive, self-serving, uncorroborated, and unsubstantiated testimony. . For 6 straight years petitioner's returns were missing, so the Internal Revenue Service prepared *151 substitute Federal income tax returns for each of the years. Petitioner provided no evidence that he prepared and filed a Federal income tax return for any of the years in question. Petitioner provided no copies of the putative returns; nor did he provide us with other evidence that he mailed the returns (e.g., certified mail receipts or corroborated testimony regarding his procedures in preparing and mailing his returns). In fact, petitioner did not even state under oath that he filed a return for each of the years in issue, despite suggestions from the Court. Petitioner's only testimony was that he paid his tax liability by sending a check or by having the money withheld from his paycheck. Petitioner's sole argument in this case is that respondent sometimes makes errors, and may have lost his returns. His examination of two IRS employees focused entirely on the computer systems and whether, in general, there were processing problems and mistakes in the computer systems. Respondent's chief of tax accounts division at the Austin service center stated that the service center might lose a tax return for 1 year, but to lose returns for 2 years in a row would be unlikely, and to *152 lose returns for 6 years in a row would be highly improbable. Respondent's "court witness coordinator" for the Austin service center and Austin compliance center testified that substitute Federal income tax returns are prepared only when an individual has not filed his or her own Federal income tax returns. Petitioner testified that during communications with respondent he discovered that information regarding his mother's interest income, for years previous to the years in issue, had been included in his IRS tax file. Additionally, petitioner stated that he was credited with making the two payments in regard to his 1987 and 1988 extension requests only after he faxed copies of the canceled checks to the IRS. He generalized this to say that numerous mistakes had been made with his Federal income tax file, mistakes that are significant enough for us to disregard all of the information the IRS presented in regard to petitioner's Federal income tax returns. We disagree. Petitioner's testimony is insufficient to carry his burden of proof to show that he filed a Federal tax return for each of the years in issue. For all the above reasons, we hold that petitioner did not file Federal *153 income tax returns for the tax years 1984, 1985, 1986, 1987, 1988, and 1989. Petitioner did not contest the unreported income for any of the years in issue. Therefore, we find that petitioner's income is properly stated in each of the disputed notices of deficiency. Petitioner asserts that the statute of limitations prevents respondent from assessing taxes due on his 1984, 1985, 1986, and 1987 Federal income tax returns. If a taxpayer has failed to file a return, the tax may be assessed at any time. Sec. 6501(c)(3). Because petitioner did not file a tax return for any of the years in issue, we hold that the period of limitations has not expired on any of the years in issue. Additions to Tax -- Failure To File
Respondent determined that petitioner is liable for an addition to tax for failure to timely file his 1984, 1985, 1986, 1987, 1988, and 1989 Federal income tax returns under section 6651(a). Section 6651(a) imposes an addition to tax for failure to timely file a tax return. The addition is computed as a percentage of the amount required to be shown as tax on the return in question. Sec. 6651(a)(1). The addition to tax does not apply if the failure is due to *154 reasonable cause, and not to willful neglect. Id. Petitioner has not shown a reasonable cause for his failure. Accordingly, respondent's determination with respect to section 6651(a) is sustained. Additions to Tax -- Negligence
In her notice of deficiency, respondent determined that petitioner is liable for additions to tax under section 6653(a)(1) and (2) for 1984 and 1985, section 6653(a)(1)(A) and (B) for 1986 and 1987, and section 6653(a)(1) for 1988. Negligence under section 6653(a) is a "lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances." (quoting , affg. in part and remanding in part . Taxpayers have a statutory duty to timely file Federal income tax returns. Sec. 6072(a). Ordinarily, a reasonable and prudent person would comply with the prescribed deadline, and the breach of this duty is evidence of negligence. , *155 affd. . For 1984 and 1985, section 6653(a)(1) provides that if any part of the underpayment is due to negligence or intentional disregard of rules or regulations, there shall be added to the tax an amount equal to 5 percent of the underpayment. Section 6653(a)(2) imposes an addition to tax equal to 50 percent of the interest payable under section 6601 with respect to the portion of the underpayment attributable to negligence. For 1986 and 1987, section 6653(a)(1)(A) provides that if any part of the underpayment is due to negligence or disregard of rules or regulations, there shall be added to the tax an amount equal to 5 percent of the underpayment. Section 6653(a)(1)(B) imposes an addition to tax equal to 50 percent of the interest payable under section 6601 with respect to the portion of the underpayment attributable to negligence. For 1988, section 6653(a)(1) provides that if any part of the underpayment is due to negligence or disregard of rules or regulations, there shall be added to the tax an amount equal to 5 percent of the underpayment. Petitioner has not presented any objective facts or arguments to show that he *156 was not negligent in failing to report income for each of the years in issue. On this record, we sustain respondent's determination that petitioner is liable for the additions to tax under section 6653(a)(1) and (2) for 1984 and 1985, section 6653(a)(1)(A) and (B) for 1986 and 1987, and section 6653(a)(1) for 1988, and hold that the entire underpayment in each year is attributable to negligence. Additions to Tax -- Failure To Pay Estimated Tax
Respondent determined that petitioner is liable for additions to tax under section 6654 for failure to pay estimated income tax for 1985, 1987, 1988, and 1989. Where payments of tax, either through withholding or by making estimated quarterly tax payments during the course of the year, do not equal the amount required under the statute, imposition of the addition to tax under section 6654 is automatic, unless the taxpayer shows that one of the statutory exceptions applies. ; . Petitioner bears the burden to show qualifications for such exception. . *157 Petitioner has not sustained his burden; therefore, we hold that he is liable for the addition to tax under section 6654 for the tax years 1985, 1987, 1988, and 1989. To reflect the foregoing, Decision will be entered for respondent.
Footnotes
1. 50 percent of the interest due on $ 1,871, $ 2,284, $ 3,522, and $ 8,340 for 1984, 1985, 1986, and 1987, respectively.↩
1. All section references are to the Internal Revenue Code in effect for the taxable years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.↩